IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**DESHAWN DOZIER,**

      **Movant,**

v.                                                                Case No. 5:23-cv-00089
                                                            Case No. 5:15-cr-00078

**UNITED STATES OF AMERICA,**

      **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court are Movant Deshawn Dozier's *pro se* Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255, (ECF No. 31),[1] and a motion to dismiss contained in the United States' Response. (ECF No. 36). This case is assigned to the Honorable Irene C. Berger, United States District Judge, and by standing order was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, the undersigned respectfully **RECOMMENDS** that Respondent's motion to dismiss, (ECF No. 36), be **GRANTED**; Dozier's § 2255 motion, (ECF No. 31), be **DENIED**; and this matter be **DISMISSED** and **REMOVED** from the docket of the court. Given that the undersigned conclusively **FINDS** that Dozier is not entitled to the relief requested, an evidentiary hearing is not warranted. *Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970).

---

[1] ECF Numbers come from the underlying criminal case, Case No. 5:15-cr-00078.

I.      **Relevant History**

Dozier is a federal inmate currently incarcerated in Federal Correctional Institution ("FCI") Beckley. *See* BOP Inmate Locator, https://www.bop.gov/inmateloc/. In 2015, Dozier pled guilty to distribution of a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1). (ECF Nos. 1, 8). He was sentenced as a career offender to 151 months imprisonment. (ECF No. 8 at 14, 24). Dozier filed a direct appeal, disputing the district court's application of the career offender sentencing guideline, U.S.S.G. § 4B1.2. (ECF No. 27). Dozier's career offender status relied on two predicate controlled substance offenses, including one conviction for attempt to distribute a controlled substance. (*Id.* at 2). Dozier argued, in part, that this attempt conviction did not qualify as a "controlled substance offense" under the guidelines, because West Virginia's general attempt statute criminalized more conduct than a generic controlled substance offense. (*Id.*). The Fourth Circuit affirmed Dozier's sentence on January 30, 2017, holding that his prior attempt conviction properly constituted a controlled substance offense. (*Id.* at 1).

Dozier filed the instant motion on January 26, 2023. (ECF No. 31 at 5). In his motion, Dozier makes the same claim he made in his direct appeal—that his prior attempt conviction was not a "controlled substance offense" for the purposes of the career offender guideline. (ECF No. 31 at 2). In support of his motion, Dozier cites to a Fourth Circuit decision from 2022, *United States v. Campbell*, 22 F.4th 438, in which a panel held that the Sentencing Commission's commentary which extended the definition of "controlled substance offense" to include inchoate attempts was plainly inconsistent with the Sentencing Guidelines. (*Id.* at 3–4). Dozier argues that, following the decision in *Campbell*, his attempt conviction no longer qualifies as a predicate controlled substance offense for the career offender guidelines. (*Id.*). Dozier states that, if sentenced today, his

2

guideline range would be 70–87 months' imprisonment with three years' supervised release, significantly less than his current sentence. (*Id*. at 4). He requests this Court re-sentence him to time served and order his immediate release from custody. (*Id*. at 5).

On February 8, 2023, the undersigned entered an order directing Respondent to show cause why the requested relief should not be granted. (ECF No. 35). Respondent filed its Response on March 23, 2023. (ECF No. 36). Respondent argues that Dozier's motion must be dismissed, because 1) it is untimely, as it was filed more than one year after Dozier's conviction became final; 2) the alleged sentencing error does not amount to a "fundamental miscarriage of justice" and thus is not cognizable in a § 2255 motion; and 3) the Fourth Circuit already established the "law of the case" on Dozier's direct appeal, which held that his state convictions qualified as controlled substance offenses. (ECF No. 36 at 4–7). Respondent attached to its motion a copy of the transcript of Dozier's sentencing hearing, (ECF No. 36-1), and a copy of the Fourth Circuit's decision in Dozier's direct appeal. (ECF No. 36-2). Respondent submitted a Notice of Perfected Service, showing Dozier was served with the Response on April 17, 2023. (ECF No. 38). Dozier did not file a reply.

## II.  **Standard of Review**

A motion made pursuant to 28 U.S.C. § 2255 is a collateral attack on a conviction or sentence that was entered in a separate proceeding. To succeed on such a motion, the movant must prove that the conviction or sentence was imposed in violation of the laws or Constitution of the United States, the court imposing the sentence lacked jurisdiction, the sentence exceeded the maximum authorized by law, or the sentence was otherwise subject to collateral attack. 28 U.S.C. § 2255. "In a § 2255 motion, the petitioner bears the burden of proving his or her claim by a preponderance of the evidence." *Merritt v. United*

3

*States*, 499 F. Supp. 3d 249, 254 (E.D. Va. 2020) (citing *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958)).

Pursuant to the Rules Governing Section 2255 Proceedings for the United States District Courts ("Rules"), the court should conduct a preliminary review of the motion. *See* Rule 4. The court may then order the respondent to answer the motion and may authorize the parties to conduct discovery and direct the parties to expand the record as necessary to properly assess the validity of the motion. *See* Rules 5, 6, & 7. Once these steps are completed, the court must review the answer, transcripts, records of prior proceedings, and any other materials submitted to determine whether an evidentiary hearing on the motion is warranted. *See* Rule 8(a).

The decision of whether to conduct an evidentiary hearing is generally left to the sound discretion of the district court, although there remains "a category of petitions, usually involving credibility, that will require an evidentiary hearing in open court." *Raines v. United States*, 423 F.2d 526, 530 (4th Cir. 1970); *see also United States v. Hall*, 771 F. App'x 226, 227 (4th Cir. 2019); *United States v. Runyon*, 994 F.3d 192, 208 (4th Cir. 2021); *United States v. Velascu,* 429 F. App'x. 236, 237 (4th Cir. 2011). This is particularly true when "competing sworn statements offer differing factual allegations that 'relate primarily to purported occurrences outside of the courtroom and upon which the record could, therefore, cast no real light.'" *United States v. Underwood,* No. 20-6782, 2022 WL 186054, at *1, n.2 (4th Cir., Jan. 20, 2022) (quoting *United States v. White,* 366 F.3d 291, 302 (4th Cir. 2004)). Nonetheless, the mere presence of conflicting affidavits does not automatically require an evidentiary hearing. When the motions, files, and records in the case conclusively show that the movant is not entitled to relief, the Court may deny the § 2255 motion without an evidentiary hearing. *Raines,* 423 F.2d at 529.

Furthermore, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013).

### III. Discussion

#### *A. Timeliness*

A § 2255 Motion to Vacate must be filed within one year of the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In his motion, Dozier acknowledges that § 2255 motions are subject to a one year statute of limitations. (ECF No. 31 at 2). He claims that his motion is timely, however, because he "just found out about" the decision in *Campbell*. (*Id.*). However, change in circuit law does not reset the one-year limitations period. *Whiteside v. United States*, 775 F.3d 180, 187 (4th Cir. 2014) ("[T]he relevant limitations period under § 2255 (f) is one year after the conviction is final, not one year from a decision that effectuates a change in circuit law."). The decision in *Campbell* does not trigger the start dates at § 2255(f)(3) or (f)(4). By the plain text of § 2255(f)(3), only a decision by the Supreme Court of the United States can potentially reset and trigger the one-year limitations period. Because *Campbell*

5

was a decision by a panel of the Fourth Circuit, and not the Supreme Court, § 2255(f)(3) does not apply.[2] *See Griffin v. United States*, No. 5:05-CR-00281-1-F, 2013 WL 12122114, at *2 (E.D.N.C., Jan. 16, 2013). And because *Campbell* was not a decision in Dozier's own case, it does not represent a new fact supporting his claim under § 2255(f)(4). *See Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) (holding that a change in law does not constitute a "fact" for purposes of § 2255(f)(4)); *See Atkinson v. United States*, No. 5:05-CR-9-FL-1, 2012 WL 7829999, at *5 (E.D.N.C., Oct. 26, 2012), *report and recommendation adopted*, No. 5:05-CR-9-FL-1, 2013 WL 1347225 (E.D.N.C., Apr. 3, 2013) (explaining that a Fourth Circuit decision does not constitute a fact supporting the petitioner's claim under § 2255(f)(4) unless the decision was in the petitioner's own case). Thus, the decision in *Campbell* does not make Dozier's motion timely.[3] Additionally, Dozier does not claim that some government action prevented him from filing his motion, so § 2255(f)(2) is also inapplicable.

Because the limitations period was not affected by § 2255 (f)(2)–(4), Dozier had one year from the date his judgment of conviction became final to timely file a § 2255 motion. When a judgment of conviction is appealed, it becomes final for the purposes of § 2255(f)(1) "when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003). Accordingly, Dozier's conviction and sentence became final when the period for

---

[2] *Campbell* was also not made retroactive to cases on collateral review. *See Hernandez v. United States,* No. 5:15-CR-00033-1, 2023 WL 4924893, at *1 (S.D.W. Va., June 13, 2023), *report and recommendation adopted*, No. 5:15-CR-00033, 2023 WL 4922993 (S.D.W. Va., Aug. 1, 2023) (recognizing that *Campbell* did not apply retroactively).

[3] Furthermore, even if *Campbell* did create a one-year window for Dozier to file a § 2255 motion, Dozier's motion would still be untimely, because Dozier filed his motion more than one year later: *Campbell* was decided January 7, 2022, and Dozier filed the instant motion on January 26, 2023. (ECF No. 31 at 5).

6

seeking review in the Supreme Court expired, which was ninety days after the Fourth Circuit affirmed the judgment in his case. *See* Sup. Ct. R. 13. The Fourth Circuit affirmed the judgment on January 30, 2017, so Dozier's conviction became final on April 30, 2017. The one-year limitations period closed on April 30, 2018. Therefore, the undersigned **FINDS** that Dozier filed his motion in January 2023, well outside the one-year limitations period.

Because Dozier's motion comes after the expiration of the one-year limitations period, his motion would only be timely if subject to equitable tolling. Equitable tolling is "reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). For equitable tolling to apply, Dozier must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). A change in case law does not warrant equitable tolling. *See Whiteside*, 775 F.3d at 186–87 (explaining that a change in circuit law does not justify equitable tolling); *Rowland v. United States*, No. 7:07-00711-HFF-2, 2011 WL 13097068, at *3 (D.S.C., May 31, 2011) (finding that equitable tolling did not apply where subsequent change in law held that a failure to stop for a blue light did not serve as a predicate offense). Nothing in the record demonstrates that Dozier was diligent in pursuing his claim or that any extraordinary circumstances prevented him from filing his § 2255 motion. Being unaware of recent case law is not an "extraordinary circumstance" that justifies equitable tolling. *See Whiteside,* 775 F.3d at 185-87. Thus, the undersigned **FINDS** that equitable tolling does not apply to excuse his untimeliness, and his motion

should be denied as it is barred by the one-year limitations period.

### B. Merits

Even if Dozier's motion were timely, it would be subject to dismissal for lack of merit, because his claim is not cognizable in a § 2255 motion. To state a claim for relief under § 2255, a movant must prove that: (1) his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) "the court was without jurisdiction to impose such a sentence"; or (3) "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A sentencing error is not cognizable on § 2255 review unless it is constitutional, jurisdictional, or amounts to a "fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974). The Fourth Circuit has held that, barring extraordinary circumstances, an error in the application of the sentencing guidelines cannot be raised in a § 2255 motion, because the guidelines are advisory, not mandatory, and the same sentence could legally be imposed absent the erroneous guideline calculation. *United States v. Pregent*, 190 F.3d 279, 283–84 (4th Cir. 1999).

In *United States v. Foote*, the Fourth Circuit held that a movant's career offender status, subsequently nullified by a change in case law, did not amount to a fundamental defect which inherently results in a miscarriage of justice, and so the movant's challenge was not cognizable in a § 2255 motion. 784 F.3d 931, 942 (4th Cir. 2015). "Sentencing a defendant pursuant to advisory Guidelines based on a career offender status that is later invalidated does not meet this remarkably high bar." *Id.* at 936. The court explained that, because the sentencing guidelines are merely advisory, an error in the application of the sentencing guidelines is not in the same category of error as a statutory or constitutional violation; the latter may be raised in a § 2255 motion, while the former generally may not.

8

*Id.* at 943; *see also United States v. Fallin,* No. 20-7702, 2022 WL 2752527, at *6 (4th Cir. Jul. 14, 2022) (reiterating that "a career-offender enhancement that is later invalidated by case law is not a miscarriage of justice.").

This Court recently applied *Foote* in deciding a case very similar to Dozier's, *Haddox v. United States,* in which a federal prisoner challenged his classification as a career offender following *Campbell* via a § 2255 motion. No. CR 2:18-00129, 2023 WL 3107008, (S.D.W. Va., Apr. 4, 2023), *report and recommendation adopted,* No. 2:18-CR-00129-02, 2024 WL 379908 (S.D.W. Va., Jan. 31, 2024). In *Haddox*, the government conceded that the movant would not be sentenced as a career offender if sentenced today; however, the Court found that Haddox was still not entitled to relief, because, according to *Foote*, his designation as a career offender did not amount to a fundamental miscarriage of justice. *Id.* at *6. Nor did Haddox's sentence of 168 months exceed the statutory maximum (40 years for Count One and Life for Count Two). *Id.* Like Haddox, Dozier cannot establish that the alleged error amounted to a fundamental defect, following the holding in *Foote,* and Dozier's sentence of 151 months did not exceed the statutory maximum of 20 years. 21 U.S.C. § 841(b)(1)(C); (ECF No. 16 at 1). Therefore, the undersigned **FINDS** that, even if Dozier's motion had been timely, he would not be entitled to relief and his motion should be denied.

### IV.   Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the presiding District Judge accept and adopt the findings proposed herein and **RECOMMENDS** that Respondent's motion to dismiss, (ECF No. 36), be **GRANTED**; Dozier's § 2255 motion, (ECF No. 31), be **DENIED;** and this civil action be **DISMISSED** and **REMOVED** from the docket of this Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Berger, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Movant and counsel of record.

**FILED**: March 12, 2024

Cheryl A. Eifert
United States Magistrate Judge